UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JELANI D. ANTER,** | ) |
| Plaintiff, | ) |
| | ) No. 3:19-cv-00305 |
| v. | ) |
| | ) Judge Trauger |
| **TDOC,** *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Jelani D. Anter, an inmate of the Wilson County Jail in Lebanon, Tennessee filed this pro se action under 42 U.S.C. § 1983 against TDOC and Bopp, alleging that the plaintiff is being held in state custody beyond the expiration of his sentence. (Doc. No. 1).

The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.  PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws...." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that "the Wilson County Jail" took the plaintiff's "street time" causing him to "do more time." (Doc. No. 1 at 4-5). According to the plaintiff, he should have been released from state custody in August of 2018 but he remains in custody. (*Id.*) As relief,

the plaintiff seeks compensation for pain and suffering and for the days of his wrongful incarceration. (*Id*).

IV. Analysis

The United States Supreme Court has held that a prisoner in state custody, such as the plaintiff here, cannot use a § 1983 action to challenge "the fact or duration of his confinement." *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). *See also Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Instead, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481 (citing *Preiser*, 411 U.S. at 488–90). Consequently, a § 1983 action is barred when a state prisoner challenges the fact or duration of his confinement and seeks either "immediate release from prison" or the "shortening" of his term of confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (quoting *Preiser*, 411 U.S. at 482). Consequently, regardless of the type of relief actually sought, if the application of sentence credits would necessarily result in the prisoner's "immediate release from physical custody" or "in shortening the length of [his] actual confinement in prison, habeas corpus [is][the] appropriate remedy." *Preiser*, 411 U.S. at 477.

Applying these principles to the present case, the court finds that the plaintiff must seek relief through habeas corpus, despite the fact that he seeks only compensatory damages and damages for pain and suffering. His claims for damages are premised upon the assumption that the plaintiff has been incarcerated several months longer than he should have been. Success on his claims for damages based on a corrected calculation of his "street time" would necessarily "imply the unlawfulness of the State's custody," *Wilkinson*, 544 U.S. at 81, require a recalculation

3

of his release eligibility date, and shorten his total sentence by a specific number of days. The court therefore finds, despite the plaintiff's claim for damages only, that relief in this case must be sought under the habeas corpus statutes.

In addition, although the plaintiff claims that he has exhausted his state remedies by submitting jail grievances (Doc. No. 1 at 6-8), his actions do not comply with the procedure prescribed by Tennessee law and will not satisfy the habeas statute's exhaustion requirement. Under Tennessee law, "a trial court's authority regarding sentencing credits ends once the inmate enters the Department [of Correction]." *Roberts v. Campbell*, No. 03C01–9803–CC–00124, 1999 WL 281084 (Tenn. Ct. Crim. App. April 30, 1999) (citation omitted); *see also* Tenn. Code Ann. § 40–35–501(q) ("Notwithstanding any other provision of the law to the contrary, the department [of correction] is responsible for calculating the sentence expiration date and the release eligibility dates of any felony offender sentenced to the department and any felony offender sentenced to confinement in a local jail or workhouse for one (1) or more years.").

The Tennessee Supreme Court has confirmed this principle and clarified the procedure an inmate must follow to challenge TDOC's calculation of his release eligibility date:

> We clarify that the Uniform Administrative Procedures Act ("UAPA") governs an inmate's challenge to the Tennessee Department of Correction's ("TDOC") calculation of a release eligibility date. *See* Tenn. Code Ann. §§ 4–5–101 to –325 (2011). Under the UAPA, an inmate must request a declaratory order from TDOC before filing a declaratory action in court. Tenn. Code Ann. § 4–5–225(b).

*Stewart v. Schofield*, 368 S.W.3d 457, 459, 464 (Tenn. 2012) ("An inmate dissatisfied with TDOC's calculation of a release eligibility date may challenge the calculation, but the challenge must comply with the procedures of the UAPA." (citations omitted)). The court outlined the necessary procedure:

> Under the UAPA, an inmate must first petition TDOC for a declaratory order. Tenn. Code Ann. § 4–5–223(a) ("Any affected person may petition an agency for a

4

> declaratory order as to the validity or applicability of a statute, rule or order within the primary jurisdiction of the agency."). Upon receipt of the petition, TDOC must either convene a contested case hearing and issue a declaratory order or refuse to issue a declaratory order. *See* Tenn. Code Ann. § 4–5–223(a)(1)-(2). An inmate aggrieved by a final decision in a contested case may obtain judicial review under the UAPA. Tenn. Code Ann. §§ 4–5–223(a)(1), –322.
>
> If TDOC chooses not to convene a contested case hearing or refuses to issue a declaratory order, an inmate may obtain judicial review by seeking a declaratory judgment in the Chancery Court of Davidson County. Tenn. Code Ann. §§ 4–5–223(a)(2), –225(a). The UAPA does not permit an inmate to seek a declaratory judgment in the Chancery Court, however, unless the inmate has first petitioned TDOC for a declaratory order and been refused. Tenn. Code Ann. § 4–5–225(b). In the absence of proof the inmate sought a declaratory order from TDOC, the Chancery Court lacks jurisdiction over an inmate's declaratory judgment action.

*Id*. at 464–65 (some internal citations omitted).

Because the plaintiff is a state prisoner who believes the term of his sentence has expired, he also has the ability under Tennessee law to seek a writ of habeas corpus under state law. *See* Tenn. Code Ann. § 29–21–101. The plaintiff does not appear to have pursued this avenue either, but the state writ may be available if

> it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

*State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (internal quotation marks and citation omitted).

In sum, to recover damages for the allegedly unlawful imprisonment, the plaintiff "must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying . . . sentence." *Muhammed v. Close*, 540 U.S. 749, 751 (2004).

## V. Conclusion

For the reasons explained above, a § 1983 action does not lie and the plaintiff-prisoner must pursue the relief he seeks through a state or federal habeas corpus suit. Therefore, this action will be dismissed without prejudice.

An appropriate order will be entered.

ENTER this 9th day of May 2019.

_____
Aleta A. Trauger
United States District Judge